**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
5/22/2026 4:14 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
26CV493313
Reviewed By: J. Angel
Envelope: 23835803

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AIRPORT TERMINAL SERVICES, INC.; AGI CARGO, LLC; and ALLIANCE GROUND INTERNATIONAL, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRONTIER AIRLINES, INC.; AIG AEROSPACE INSURANCE SERVICES, INC.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court (DTS)

191 North First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
26CV493313     **26CV493313**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward Martinovich, Leader Berkon Colao & Silverstein LLP, 445 South Figueroa Street, Suite 2980 Los Angeles, CA, (213) 234-1750

DATE:
*(Fecha)* 5/22/2026 4:14 PM    Clerk of Court    Clerk, by *(Secretario)* J. Angel    , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AGI Cargo, LLC
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 6/23/2026

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Date Served: 6/23/2026
Time Served: 2:04
Server: SB    1617 69 357

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _____

| PLEASE READ THIS ENTIRE FORM |

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms: https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms: https://www.scscourt.org/forms_filing.shtml and https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may have the option, or be required, to appear remotely –*
*see Local Civil Rule 8.*

---

Your Case Management Judge is: ___Nishigaya, Daniel T___ Department:___16___

The 1st CMC is scheduled for: (Completed by Clerk of Court)
 Date:___10/15/2026___Time:___2:00 pm___ in Department:___16___

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
 Date:_____ Time:_____ in Department:_____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-9547) for more information

COMES NOW Plaintiffs FRONTIER AIRLINES, INC., AIG AEROSPACE INSURANCE SERVICES, INC., individually and o/b/o OTHER CERTAIN INTERESTED UNDERWRITERS a/s/o FRONTIER GROUP HOLDINGS, INC. and FRONTIER AIRLINES, INC., (collectively, "Plaintiffs") and for their cause of action against Defendants AIRPORT TERMINAL SERVICES, INC., AGI CARGO, LLC, individually and as successor-in-interest to AIRPORT TERMINAL SERVICES, INC., and ALLIANCE GROUND INTERNATIONAL, LLC, individually and as successor-in-interest to AIRPORT TERMINAL SERVICES, INC., and DOES 1 through 20, (collectively, "Defendants") inclusive, and each of them, complains and alleges, as follows:

## THE PARTIES

1.      Plaintiff AIG AEROSPACE INSURANCE SERVICES, INC. ("AIG") is and was at all relevant times an insurance company authorized to do business in California.

2.      Plaintiff FRONTIER AIRLINES, INC. ("Frontier") is and was at all relevant times a commercial airline company authorized to do business in California.

3.      Plaintiffs are informed and believe that Defendant AIRPORT TERMINAL SERVICES, INC. ("ATS") was at all relevant times a corporation organized under the laws of the Missouri, and doing business in the County of Santa Clara, California.

4.      Defendant ALLIANCE GROUND INTERNATIONAL, LLC, is and was at all relevant times a limited liability company organized under the laws of Delaware.

5.      Defendant AGI CARGO, LLC, is and was at all relevant times a limited liability company organized under the laws of Delaware.

6.      Plaintiffs are informed and believe that AGI CARGO, LLC and/or ALLIANCE GROUND INTERNATIONAL, LLC, acquired ATS and assumed some or all of its liabilities, and are the successors-in-interest to ATS.

7.      The true names and capacities of Defendants sued as DOES 1 through 20 are unknown to Plaintiffs, who therefore sues such defendants by fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

2

FIRST AMENDED COMPLAINT FOR SUBROGATION-BREACH OF CONTRACTUAL INDEMNTITY

**JURISDICTION AND VENUE**

8.    This Court has jurisdiction pursuant to Article VI, Section 10 of the California Constitution and pursuant to Code of Civil Procedure section 410.10.

9.    At all relevant times, ATS purposefully availed itself of the privilege of conducting activities within the State of California, including by entering into written agreement titled "Standard Ground Handling Agreement ("Agreement") with AIG's Insured, Frontier Airlines, Inc. ("Frontier").

10.    Pursuant to the Agreement, ATS occupied Frontier's leased space at the Mineta San Jose International Airport (SJC) (the "Property") in the County of Santa Clara, City of San Jose, California.

11.    ATS voluntarily entered into a lease or rental agreement for the Property in California, thereby establishing ongoing obligations connected to real property in this state.

12.    While occupying and/or controlling the property in California, ATS engaged in acts and omissions that caused or contributed to a fire at the Property, resulting in substantial property damage and related losses.

13.    Plaintiffs' claims arise directly out of and relate to ATS's contacts with the State of California, including ATS's rental, occupancy, possession, use, and control of the Property located in California.

14.    ATS knew or reasonably should have known that their conduct at the Property would have consequences within the State of California.

15.    By renting and occupying real property in California and causing damage to property located in California, ATS established sufficient minimum contacts with California such that the exercise of personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

16.    AGI CARGO, LLC and/or ALLIANCE GROUND INTERNATIONAL, LLC, acquired ATS and assumed some or all of its liabilities, and are the successors-in-interest to ATS.

3

FIRST AMENDED COMPLAINT FOR SUBROGATION-BREACH OF CONTRACTUAL INDEMNTITY

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

17.    Accordingly, this Court has specific personal jurisdiction over ATS, AGI CARGO, LLC and ALLIANCE GROUND INTERNATIONAL, LLC, pursuant to California's long-arm statute, California Code of Civil Procedure section 410.10, because Defendants' contacts with California give rise to the claims asserted in this action.

18.    Venue is proper in this Court under Code of Civil Procedure §§ 395 and 395.5 because the Property is located in this County and the acts and omissions occurred here.

## GENERAL ALLEGATIONS

19.    ATS entered into a written agreement titled "Standard Ground Handling Agreement ("Agreement") with Plaintiff's Insured, Frontier Airlines, Inc.

20.    Pursuant to the Agreement, ATS occupied Frontier's leased space at the Mineta San Jose International Airport (SJC) in San Jose, California. Frontier's leased space is known as the "F9 space."

21.    On August 21, 2021, ATS caused damage to the F9 space, along with the spaces of multiple other tenants, including Delta Air Lines, Hawaiian Airlines, United Airlines, Volaris Airlines, and the City of San Jose. Frontier's F9 Space and the spaces of the other identified tenants are collectively referred to as the "Tenant Spaces."

22.    The damage caused by ATS was the result of the explosion of a lithium-ion high-capacity battery owned by ATS that was stored by ATS in Frontier's F9 space. The subject battery spontaneously combusted/ignited and activated the fire sprinkler system in the F9 space, as well as the SJC fire suppression systems and alarms. After activation, the SJC Airport fire suppression systems caused subsequent and significant smoke and water damage to the F9 space and contents, as well as to the Tenant Spaces.

23.    An ATS employee was present in the F9 Space at the time of the explosion and immediately called 911 and SJC management. The San Jose Fire Department, San Jose Police Department, SJC Airport Operations and Airport Maintenance responded.

24.    Additionally, certain SJC airport staff and SJC passengers had to be evacuated, resulting in flight delays.

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

4

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

25. Annex B of the Agreement contains an express indemnity provision requiring ATS to indemnify, defend, and hold Frontier harmless from losses, damage, or liabilities arising out of ATS's use or occupancy of the F9 Space, including loss, damage and/or destruction of property of Frontier, ATS, and third parties.

26. Annex B further provides that the indemnification obligation of ATS includes any loss or damage resulting from flight delays or cancellations caused by the performance or nonperformance of services.

27. Annex B also provides that costs to repair or refurbish Frontier's F9 space as a result of negligence, damage, or neglect caused by ATS will be the sole responsibility of ATS.

28. Under Annex B of the Agreement, ATS is liable to Frontier for the costs to repair and/or refurbish the F9 Space as a result of negligence or damage caused by ATS

29. Annex B provides that ATS is liable to Frontier for any and all claims, damages, and losses which in any way arise out of result from any act or omission by ATS, including but not limited to, the loss, damage or destruction of property, including the property of Frontier and third persons (which includes damage to the spaces of the other tenants).

30. SJC formally demanded recovery of remediation and construction costs to Frontier, Delta Air Lines, Hawaiian Airlines, United Airlines, Volaris. The City of San José invoiced and sought payment of these and associated costs from Frontier, totaling $622,591.33.

31. The claim was paid under Frontier's insurance policy in the amount of $622,591.33.

32. Plaintiffs are informed and believe that AGI CARGO, LLC and/or ALLIANCE GROUND INTERNATIONAL, LLC, are liable for the liabilities and obligations of ATS as the successors-in-interest to ATS.

33. AIG is Frontier's insurer, and AIG hereby seeks payment from Defendants to reimburse AIG and Frontier for the costs, fees, and charges incurred for the restoration and repair of the Tenant Spaces.

FIRST AMENDED COMPLAINT FOR SUBROGATION-BREACH OF CONTRACTUAL INDEMNTITY

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

34. AIG is subrogated to the rights of its insured against Defendants to the extent of such payments.

## FIRST CAUSE OF ACTION

### Breach of Contractual Indemnity

(Against All Defendants)

35. Plaintiffs incorporate by reference paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. Plaintiffs are informed and believe that the fire was caused by ATS's negligent acts and/or breach of obligations under the Lease.

37. Annex B of the Agreement required ATS to indemnify and hold harmless Frontier and its insurers from damage arising from ATS's use or occupancy of the F9 space.

38. The fire and resulting loss arose from ATS's acts, omissions, or breach of obligations under the Lease.

39. Plaintiff AIG, as insurer, paid for property damage covered by the policy and thereby became subrogated to the indemnity rights of its insured, Frontier.

40. ATS has failed and refused to indemnify Plaintiffs for the loss.

41. As a direct and proximate result, Plaintiffs have been damaged in an amount of at least $622,591.33, plus interest, fees and costs.

## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

2. Compensatory damages according to proof;

3. Cost of repair and remediation;

4. Costs of suit;

5. Attorney's fees as provided in the Agreement;

6. Pre- and post-judgment interest; and

6

FIRST AMENDED COMPLAINT FOR SUBROGATION-BREACH OF CONTRACTUAL INDEMNTITY

7.    Such other relief as the Court deems just and proper

Dated: May 22, 2026                    LEADER BERKON COLAO & SILVERSTEIN LLP

By: s/ Edward Martinovich

Arthur I. Willner
Edward Martinovich
Attorneys for Plaintiffs
FRONTIER AIRLINES, INC.; AIG AEROSPACE
INSURANCE SERVICES, INC., individually and
o/b/o OTHER CERTAIN INTERESTED
UNDERWRITERS a/s/o FRONTIER GROUP
HOLDINGS, INC. and FRONTIER AIRLINES, INC.

FIRST AMENDED COMPLAINT FOR SUBROGATION-BREACH OF CONTRACTUAL INDEMNTITY