United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRONTIER AIRLINES, INC., et al.,
Plaintiffs,
v.
AIRPORT TERMINAL SERVICES, INC., et al.,
Defendants.

Case No. 26-cv-07318-NC

**ORDER TO SHOW CAUSE RE: REMOVAL**

Re: ECF 1

Defendant AGI Cargo, LLC, removed this case to this Court from Santa Clara County Superior Court. ECF 1. The Court orders Defendant AGI Cargo, LLC, to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction and for lack of full consent of its co-Defendants.

## I. Subject Matter Jurisdiction

First, this Court orders Defendant AGI Cargo, LLC, to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

AGI Cargo, LLC, claims that there is diversity of citizenship because: Plaintiff AIG Aerospace Insurance Services, Inc., is incorporated in and has its principal place of business in Georgia; Defendant AGI Cargo, LLC, is incorporated in Delaware and has its principal place of business in Florida; Defendant Airport Terminal Services, Inc., is incorporated in and has its principal place of business in Missouri; and Defendant Alliance Ground International, LLC, is incorporated in and has its principal place of business Florida. But "for the purposes of diversity . . . an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Without information on the citizenship of Defendant AGI Cargo, LLC's or Defendant Alliance Ground International, LLC's owners/members, this Court cannot assess whether complete diversity exists.

## II. UNANIMOUS CONSENT OF ALL DEFENDANTS

Second, the Court orders Defendant AGI Cargo, LLC, to explain whether all Defendants to this action have consented to the removal.

Defendant AGI Cargo, LLC's Notice of Removal does not mention whether it has the full consent of its co-Defendants, Airport Terminal Services, Inc., and Alliance Ground International, LLC. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(a).

## III. CONCLUSION

Accordingly, Defendant AGI Cargo, LLC, must show cause in writing by July 31, 2026, why this case should not be remanded back to state court for lack of subject matter jurisdiction and lack of unanimous consent of all Defendants. Although the burden is on the removing party, Plaintiffs may file a response by August 7, 2026.

The Court reminds Defendant that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: July 17, 2026

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California