UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRONTIER AIRLINES, INC., et al.,
Plaintiffs,
v.
AGI CARGO, LLC,
Defendant.

Case No. 26-cv-07318-PCP

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 26

Plaintiffs Frontier Airlines and its insurer AIG Aerospace Insurance Services, Inc. bring this breach of contract suit against defendant AGI Cargo, LLC to recover costs, fees, and charges incurred for the restoration and repair of damaged property following a lithium-ion battery explosion at San José Minetta International Airport (SJC). AGI Cargo now moves to dismiss the operative complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court denies AGI Cargo's motion.

**BACKGROUND**

Frontier Airlines is a commercial airline company authorized to do business in California, and AIG Aerospace Insurance Services is its insurer. Second Amended Complaint, Dkt. No. 24 ¶¶ 1-2. AIG Aerospace Insurance Services is authorized to do business in California. *Id.* ¶ 2. AGI Cargo is a limited liability company organized under the laws of Delaware, which acquired Airport Terminal Services and continued the same enterprise. *Id.* ¶¶ 4, 6–12.[1]

The parties do not dispute that AGI Cargo is the right defendant in this case, even though the complaint alleges that Airport Terminal Services, Inc. was the entity that "committed the

[1] For the purposes of AGI Cargo's Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged by plaintiffs in the second amended complaint.

wrongful acts alleged." *Id.* ¶ 6. The complaint originally named Airport Terminal Services and Alliance Ground International, LLC as defendants but, pursuant to the parties' stipulation, Airport Terminal Services and Alliance Ground International were dismissed from the lawsuit. Motion to Dismiss Second Amended Complaint, Dkt. No. 26, at 2; Opposition to Motion to Dismiss Second Amended Complaint, Dkt. No. 28, at 13. AGI Cargo "is now the sole defendant, sued as successor-in-interest to [Airport Terminal Services]," and AGI Cargo's motion "does not contest that posture." Motion to Dismiss Second Amended Complaint, Dkt. No. 26, at 2.

Airport Terminal Services entered into a written agreement, the "Standard Ground Handling Agreement," with Frontier Airlines. *Id.* ¶ 23. Under the terms of the agreement, Airport Terminal Services occupied Frontier Airlines' leased space at SJC (F9 space). *Id.* ¶ 24. On August 21, 2021, a lithium-ion high-capacity battery owned by Airport Terminal Services and stored by Airport Terminal Services in the F9 space exploded, causing damage. *Id.* ¶¶ 25–26. The explosion also damaged the spaces of other tenants, including Delta Air Lines, Hawaiian Airlines, United Airlines, Volaris Airlines, and the City of San José. *Id.* ¶ 25. The battery spontaneously combusted and ignited, which resulted in the activation of the fire sprinkler system in the F9 space and other SJC fire suppression systems and alarms. *Id.* ¶ 26. After activation, the SJC fire suppression systems caused significant smoke and water damage to the F9 space and its contents and to the other tenant spaces. *Id.* ¶ 26.

At the time of the explosion, an Airport Terminal Services employee was present and called 911. *Id.* ¶ 27. The San José Fire Department, San José Police Department, and SJC operations and maintenance personnel responded. *Id.* ¶ 28. The explosion resulted in evacuation of some SJC staff and passengers, which resulted in flight delays. *Id.* ¶ 28.

A provision of the Agreement between Frontier Airlines and Airport Terminal Services, Annex B, "contains an express indemnity provision requiring [Airport Terminal Services] to indemnify, defend, and hold Frontier harmless from losses, damage, or liabilities arising out of [Airport Terminal Services'] use or occupancy of the F9 Space, including loss, damage and/or destruction of property of Frontier, [Airport Terminal Services], and third parties." *Id.* ¶ 29. Annex B provides that the indemnification obligation of Airport Terminal Services includes any loss or

United States District Court
Northern District of California

damage that results from flight delays or cancellations caused by the performance or nonperformance of services, *id.* ¶ 30; that costs to repair or refurbish the F9 space that result from the negligence, damage, or neglect caused by Airport Terminal Services are the sole responsibility of Airport Terminal Services, *id.* ¶ 31; that Airport Terminal Services is liable to Frontier Airlines for the costs to repair and refurbish the F9 space as a result of the negligence or damage caused by Airport Terminal Services, *id.* ¶ 32; and that Airport Terminal Services "is liable to Frontier for any and all claims, damages, and losses which in any way arise out of result from any act or omission by [Airport Terminal Services], including but not limited to, the loss, damage or destruction of property, including the property of Frontier and third persons (which includes damage to the spaces of the other tenants), *id.* ¶ 33.

SJC formally demanded recovery of remediation and construction costs to Frontier Airlines, Delta Air Lines, Hawaiian Airlines, United Airlines, and Volaris. *Id.* ¶ 34. Thereafter, "[b]eginning in June 2022, the City of San José sent a series of invoices and sought payment of these and associated costs" from Frontier Airlines, which totaled $622,591.33. *Id.* ¶ 34. Subsequently, "[o]n date(s) after June 2022, the claim was paid in full under Frontier's insurance policy in the amount of $622,591.33." *Id.* ¶ 35.

Subsequently, Frontier Airlines and its insurer brought this action against AGI Cargo alleging breach of contractual indemnity. *Id.* ¶ 39–45. They seek to recover compensatory damages, costs of repair and remediation, costs of suit, attorney's fees as provided for in the Agreement, pre- and post-judgment interest, and any other relief the Court deems proper. *Id.* at 7–8. AGI Cargo now moves to dismiss the second amended complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim. Motion to Dismiss Second Amended Complaint, Dkt. No. 26.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the

court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**ANALYSIS**

AGI Cargo moves to dismiss the operative complaint on three grounds. First, AGI Cargo argues that the operative complaint does not plead a breach of the contract upon which it sues because the allegations center on a "Lease" that is neither identified in the pleading nor in the record. Motion to Dismiss Second Amended Complaint, Dkt. No. 26, at 5. Second, AGI contends the indemnity provision of Annex B is triggered only by acts or omissions of Airport Terminal Services in the performance or nonperformance of services, but the operative complaint does not plead any facts that would place the alleged loss within that provision, instead tying the loss to a breach of the unspecified "Lease." *Id.* at 6. Third, AGI argues that the operative complaint withholds the date on which accrual turns, which means that the four-year statute of limitations period might apply. *Id.* at 6–7. AGI Cargo also contends that dismissal should be with prejudice because plaintiffs have pleaded three times with the same deficiencies. *Id.* at 7–8. All three bases for AGI Cargo's motion fail.

**I. The operative complaint's stray references to a "Lease" are not fatal.**

The elements of a cause of action for breach of contract under California law are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). AGI Cargo contends that the operative complaint does not plead a breach of the contract upon which it sues because the allegations center on a "Lease" that is neither identified in the pleadings nor in the record. Motion to Dismiss Second Amended Complaint, Dkt. No. 26, at 5.

But AGI Cargo mischaracterizes the pleadings, which clearly identify the Standard Ground Handling Agreement as the operative contract. *See* Second Amended Complaint, Dkt. No. 24, ¶ 23 ("[Airport Terminal Services] entered into a written agreement titled "Standard Ground Handling Agreement ("Agreement") with Plaintiff's Insured, Frontier Airlines, Inc."). The operative complaint references the agreement multiple times throughout, and it clearly describes the relationship between Airport Terminal Services, which occupied the space pursuant to the Agreement, and Frontier Airlines, which leased the space. *See id.* ¶ 24 ("Pursuant to the Agreement, [Airport Terminal Services] occupied Frontier's leased space at the Mineta San Jose International Airport (SJC) in San Jose, California. Frontier's leased space is known as the 'F9 space.'"). The operative complaint also alleges that Airport Terminal Services "voluntarily entered into a lease or rental agreement for the Property in California, thereby establishing ongoing obligations connected to real property in this state." *Id.* ¶ 17. That allegation characterizes the agreement as a lease, but it does not allege that a separate, unidentified document exists.

It is true that the operative complaint has two references to the "Lease" in its causes of action. *See* Second Amended Complaint, Dkt. No. 24, ¶ 40 ("Plaintiffs are informed and believe that the fire was caused by [Airport Terminal Services'] negligent acts and/or breach of obligations under the Lease."); *id.* ¶ 42 ("The fire and resulting loss arose from [Airport Terminal Services'] acts, omissions, or breach of obligations under the Lease."). Those "Lease" references might constitute inartful and inexact pleading, but in context they are obviously referencing the agreement rather than a separate document. Even if plaintiffs should have more carefully

referenced the "agreement" rather than the "Lease," that is not fatal to the complaint.

**II. Plaintiffs have plausibly stated a breach of contract claim.**

AGI Cargo further contends that the indemnity provision of Annex B is triggered only by acts or omissions of Airport Terminal Services in the performance or nonperformance of services, but the second amended complaint does not plead any facts that would place the alleged loss within that provision and ties the loss to breach of the unspecified "Lease." Motion to Dismiss Second Amended Complaint, Dkt. No. 26, at 6. The "Lease" argument here suffers from the same flaws as its first argument. *See* supra Section I. But even when construing that argument as an argument that plaintiffs fail to plausibly plead liability under the terms of Annex B of the agreement, ACI Cargo's contentions lack merit. Reply in Support of Motion to Dismiss, Dkt. No. 29, at 3–7.

AGI Cargo contends that Annex B extends the indemnity obligation only to "direct loss or damage resulting from flight delays or cancellations caused by the performance or nonperformance of services under this Annex B," while the damages here are not alleged to have resulted from its performance or nonperformance of services. *Id.* at 4. In AGI Cargo's view, the operative complaint fails to plead facts sufficient to show that the losses occurred in connection with the performance or nonperformance of services. *Id.* at 4-5. But plaintiffs plainly allege that Airport Terminal Services caused the damage, and they allege that the battery that exploded was stored by Airport Terminal Services in the F9 space. *See* Second Amended Complaint, Dkt. No. 24, at ¶ 25-26. The agreement specifies that Airport Terminal Services "will be allowed to use of [Frontier's] lease properties/facilities (*for providing services to [Frontier] only* and not in any way associated with the provisioning of services to other parties)." Agreement, Exhibit A, Dkt. No. 26, at 13 (emphasis added). At this stage, there is no reason to assume that AGI Cargo was violating the agreement at the time of explosion by using the F9 space for a purpose other than providing services to Frontier, so it is plausible that AGI Cargo was storing the battery in the F9 space as part of its provision of services to Frontier Airlines. The Court can therefore plausibly conclude that Airport Terminal Services, which owned the battery and stored it in the F9 space that it occupied pursuant to the agreement, caused flight delays and other damage as a result of its

performance or nonperformance of services for Frontier.

To be sure, facts revealed through discovery might demonstrate that the damages were not the result of ACI Cargo's performance or nonperformance of services for Frontier. At this stage, however, plaintiffs have plausibly stated a breach of contract claim against AGI Cargo.

**III. Plaintiffs plead a date of payment within the statute of limitations.**

Finally, AGI Cargo complains that the operative complaint withholds the date on which accrual turns, which means that the four-year statute of limitations period might apply. Motion to Dismiss Second Amended Complaint, Dkt. No. 26, at 6–7. The parties do not dispute that a four-year statute of limitations applies under California Code of Civil Procedure § 337(a). Motion to Dismiss, Dkt. No. 26, at 6–7; Opposition to Motion to Dismiss Second Amended Complaint, Dkt. No. 28, at 12. The operative complaint expressly alleges that "[o]n date(s) after June 2022, the claim was paid in full under Frontier's insurance policy in the amount of $622,591.33." Second Amended Complaint, Dkt. No. 24, ¶ 35. That is sufficient to allege that this suit, which was filed on May 22, 2026, is timely.

As the Ninth Circuit has explained, "[a] motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* In this case, plaintiffs have alleged that payment occurred within the statute of limitations period. Accordingly, the complaint cannot be "dismissed under Rule 12(b)(6) on the ground that it is time-barred by the applicable statute of limitations," which is permissible "only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, AGI Cargo's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: October 19, 2026

P. Casey Pitts
United States District Judge